UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: )
 ) Chapter 13
KAVITA J. JAGTIANI, )
 ) Case No. 19-02155-RNO
           Debtor. )
 )

**OBJECTION OF ITRIA VENTURES LLC TO CONFIRMATION
OF DEBTOR'S AMENDED CHAPTER 13 PLAN**

Itria Ventures LLC ("**Itria**"), by its undersigned counsel, hereby objects to confirmation of the Amended Chapter 13 Plan (the "**Plan**") [Docket No. 58] filed by Kavita J. Jagtiani (the "**Debtor**"). As described herein, the Plan is not feasible and was not proposed by the Debtor in good faith. Accordingly, the Court should deny confirmation of the Plan and convert the Debtor's bankruptcy case to Chapter 7.

In support of its objection, Itria respectfully states as follows:

**Factual Background**

**Itria Advances $500,000 to Plutus**

1.  Itria is a commercial finance company engaged in the business of providing funding to small businesses. In April 2017, Itria provided $500,000 in funding to Plutus 1, LLC ("**Plutus**"), a company owned and controlled by the Debtor and her non-debtor spouse, Abid Syed ("**Syed**"), which operated a gas station and convenience store business located in Scranton, Pennsylvania. Itria's agreement to provide funding to Plutus is evidenced by a Future Receivables Sale Agreement dated April 24, 2017 (the "**Itria Agreement**").

2.  Under the terms of the Itria Agreement, Plutus granted Itria a security interest in and to all property used in its business, including all accounts, chattel paper, deposit accounts, documents, fixtures, general intangibles, instruments, equipment and inventory, and all proceeds

of such property (collectively, the "**Itria Collateral**"). Itria's security interest in the Collateral is evidenced by Financing Statement No. 2017050101529 recorded on May 1, 2017 with the Pennsylvania Department of State.

3. The Debtor and Syed guaranteed the full and complete performance of the obligations of Plutus under the Itria Agreement.

4. The Itria Agreement was signed by the Debtor and Syed, both in their individual capacities as guarantors and in their corporate capacities as members of Plutus.

### Plutus Defaults and Itria Obtains Judgment

5. By early 2018, Plutus defaulted on its obligations under the Itria Agreement. On March 27, 2018, the Supreme Court of the State of New York, County of Queens, in the case styled *Itria Ventures LLC v. Plutus I, LLC, et al.*, Index No. 704543/2018, entered judgment in favor of Itria and against Plutus, the Debtor and Syed in the amount of $579,438.72 (the "**Itria Judgment**").

6. On July 13, 2018, the Itria Judgment was recorded in Luzerne County, Pennsylvania.

7. To date, the Itria Judgment has not been paid.

### Transfer of the Plutus Business Without Itria's Knowledge or Consent

8. Under the terms of the Itria Agreement, the Debtor and Syed made various representations, warranties and covenants to Itria, including representations relating to the financial condition of Plutus and the operation of the Plutus business. Among other things, the Debtor and Syed represented that:

(a) Plutus "will continue to conduct its business consistent with past practice and . . . will not change its business locations or the location of any Collateral without the prior written consent of [Itria]";

(b) Plutus "will not permit any other person or company . . . to assume or take over the operation and/or control of [its] business or business locations";

(c) Plutus "will not sell, transfer or move from [its] current location assets or inventory other than in the ordinary course of business"; and

(d) Plutus "will not sell its stock, assets or business . . . to any person or entity[.]"

9. In determining to provide funding to Plutus, Itria reasonably relied upon the representations, warranties and covenants made by the Debtor in the Itria Agreement.

10. Upon information and belief, the Plutus business (including the Itria Collateral) has been transferred to CS Management Group LLC ("**CS Management**"). The transfer occurred without the knowledge or consent of Itria and was contrary to the representations, warranties and covenants made by the Debtor and Syed in the Itria Agreement.

11. The transfer of the Plutus business to CS Management purportedly occurred in November 2017 (approximately six months after Itria provided $500,000 in funding to Plutus), and the purported transferor of the Plutus business was a bogus unincorporated "company" known as Fuel Up Scranton, LLC ("**Fuel Up Scranton**"), which is controlled by Syed.

12. According to records of the Pennsylvania Department of State, Fuel Up Scranton was not formed as a company until July 23, 2019, approximately 18 months after Fuel Up Scranton purportedly transferred the Plutus business to CS Management. The formation of Fuel

Up Scranton occurred shortly after Itria had sought Rule 2004 discovery from CS Management in connection with the Debtor's bankruptcy proceedings.

13. Syed appeared as the "manager" and designee of Fuel Up Scranton at a Rule 2004 examination taken on October 4, 2019. At such examination, Syed purported to have no knowledge regarding even the most basic operations of Fuel Up Scranton. Among other things, Syed purported to have no knowledge regarding Fuel Up Scranton's formation (even though it had occurred less than three months prior to the examination), organizational documents, tax filings or bank accounts. Syed also purported to have no knowledge regarding any relationship between Fuel Up Scranton and CS Management or the disposition of funds that CS Management purportedly paid to Fuel Up Scranton for the Plutus business (including a $10,000 deposit, $345,000 in cash that was supposedly paid at closing, and $50,000 in deferred consideration that supposedly was to be paid over a 36-month period that runs through the end of 2020).

### The Debtor's Purported Lack of Knowledge

14. Despite her 50% ownership interest in Plutus, the Debtor purports to have no knowledge of Plutus. In particular, at a post-judgment deposition taken on May 13, 2019, the Debtor testified as follows:

> Q: Are you familiar with Plutus I, LLC?
> A. No.
> Q. Have you ever heard of them?
> A. No.

### The Debtor's Bankruptcy Filing

15. The Debtor filed her bankruptcy case on May 17, 2019, just four days after her post-judgment deposition, in an apparent effort to halt further efforts by Itria to enforce the Itria Judgment.

16. The Debtor identifies her 50% ownership interest in Plutus on her Schedule B. She describes Plutus as "Not Operating" and having "No Assets," and she values her ownership interest at zero.

**Objection to Plan**

**A. The Plan is Not Feasible (11 U.S.C. § 1325(a)(6))**

17. The Debtor proposes in the Plan to pay a total of 45,855.20 over 60 months, with payments to begin in July 2019. The Debtor, however, fails to identify the source of income needed to fund payments under the Plan. The Debtor also fails to identify how many, if any, of the Plan payments has been funded to date.

18. Upon information and belief, the Debtor has no regular source of income available to fund payments under the Plan. At her deposition taken in May 2019, the Debtor testified as follows:

> Q: Do you currently have an income?
> A. No.
> Q. When is the last time you earned an income?
> A. I don't know. Never.
> Q. You never earned an income, paycheck?
> A. I don't remember, no. I'm a housewife with kids.

19. "It is well-settled that the *debtor* has the burden of proving entitlement to relief under Chapter 13, and the burden of proving that the requirements of 11 U.S.C. § 1325 have been met." *Nat'l School Bus, Inc. v. Carignan*, 190 B.R. 739, 741 (Bankr. N.D.N.Y. 1996) (emphasis in original); *In re Fricker*, 116 B.R. 431, 437-38 (Bankr. E.D. Pa. 1990). "To satisfy the feasibility requirement [of 11 U.S.C. § 1325(a)(6)], a debtor's plan must have a reasonable likelihood of success, and the debtor must be able to demonstrate that she has both the present

5

and future capacity to meet the requirements of the proposed plan." *See Austin v. Bankowski*, 519 B.R. 559, 566 (D. Mass. 2014) (citations omitted).

20. Here, the Debtor's Plan has no likelihood of success. The Debtor cannot prove that she is an "individual whose income is sufficiently stable and regular to enable [her] to make payments under a plan under chapter 13[.]" *See* 11 U.S.C. § 101(30) (definition of "individual with regular income"). Nor can the Debtor prove that she "will be able to make all payments under the plan and to comply with the plan," as required under 11 U.S.C. § 1325(a)(6).

B. **The Plan was Not Proposed in Good Faith (11 U.S.C. § 1325(a)(3))**

21. Given the Debtor's lack of a regular income, the Debtor's Plan was not proposed in good faith, as required under 11 U.S.C. § 1325(a)(3).

22. In addition, the conduct of the Debtor and her non-debtor spouse in connection with the transfer of the Plutus assets, and the Debtor's failure to attribute any value to her ownership interest in Plutus, is further evidence of the Debtor's lack of good faith.

C. **Joinder to Objection Filed by Chapter 13 Trustee**

23. The Chapter 13 Trustee has filed an Objection to the Plan [Docket No. 61]. Itria hereby joins in and incorporates by reference all arguments made in the Chapter 13 Trustee's Objection.

D. **The Debtor's Case Should be Converted to Chapter 7**

24. Upon denial of confirmation of the Debtor's Plan, the Court should convert the Debtor's bankruptcy case to Chapter 7. The Debtor has no ability to confirm any plan and, accordingly, has no business being a debtor under Chapter 13. Moreover, a Chapter 7 trustee should be appointed to investigate the transfer of the Plutus business. Given the circumstances, conversion of the case is warranted.

WHEREFORE, for the reasons set forth herein and for other reasons that may be presented at any hearing on this matter, Itria requests that the Court:

(a) Deny confirmation of the Debtor's Plan;

(b) Convert the Debtor's bankruptcy case to Chapter 7; and

(c) Grant such other relief as is just and appropriate under the circumstances.

Dated: March 5, 2020

Respectfully submitted,

/s/ Brenna D. Kelly
Brenna D. Kelly (PA Bar No. 320433)
brenna.kelly@dlapiper.com
DLA PIPER LLP (US)
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
(215) 656-2428

and

C. Kevin Kobbe (Admitted *Pro Hac Vice*)
kevin.kobbe@dlapiper.com
DLA PIPER LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-4189

*Counsel for Itria Ventures LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 5th day of March, 2020, the foregoing *Objection of Itria Ventures LLC to Confirmation of Debtor's Amended Chapter 13 Plan* was electronically filed via the Court's CM-ECF system, which sent notification to all parties in interest registered to receive notice through the CM/ECF system.

I FURTHER CERTIFY that copies were sent by first-class United States mail, postage prepaid, to the following:

Kavita J. Jagtiani
50 Ice Lake Road
Mountain Top, PA 18707

Lisa M. Doran, Esquire
Doran & Doran, P.C.
69 Public Square, Suite 700
Wilkes-Barre, PA 18701

David J. Harris, Esquire
69 Public Square, Suite 700
Wilkes-Barre, PA 18701

Charles J. DeHart, III
8125 Adams Drive, Suite A
Hummelstown, PA 17036

    /s/ Brenna D. Kelly
Brenna D. Kelly